**RSI, INC., Harish Malkani and Bobby Perkins**

v.

**UNITED STATES of America, United States Department of Defense, United States Defense Logistics Agency, United States General Services Administration, and Janet Cook in her official capacity.**

Civ. No. A–91–CA–61.

United States District Court,
W.D. Texas,
Austin Division.

Feb. 14, 1991.

Brian S. Greig, Fulbright & Jaworski, Austin, Tex., Joseph T. Small, Jr., Frederick Robinson, Susan C. Maxson, Fulbright & Jaworski, Washington, D.C., and Thomas R. McDade and William P. Maines, Fulbright & Jaworski, Houston, Tex., for RSI, Inc., Harish Malkani and Bobby Perkins.

Dick Thornburgh, U.S. Atty. Gen., Washington, D.C., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., Terrence O'Donnell, Office of Gen. Counsel, Dept. of Defense, Washington, D.C., Karl W. Kabeiseman, Gen. Counsel, Defense Logistics Agency, Alexandria, Va., Robert C. MacKichan, Jr., Office of General Counsel, Gen. Services Admin., Washington, D.C., and Sharon Pierce, Asst. U.S. Atty., Austin, Tex., for defendants.

ORDER

NOWLIN, District Judge.

I. BACKGROUND

Before the Court is Plaintiffs' Motion for a Preliminary Injunction filed January 23, 1991. Also before the Court is the Defendants' Motion to Dismiss filed January 30, 1991. A hearing on these motions was held January 31, 1991 at which time the Court heard the argument of counsel and received exhibits into the record. Upon review of the motion, the response filed, and the entire file and record in this case the Court finds both motions lack merit and should be DENIED.

On September 7, 1990 the United States of America filed a civil Complaint given cause number A–90–CA–759 seeking damages from Defendants RSI, Inc., Harish Malkani, Bobby Perkins, and others for allegedly intentionally defrauding the U.S. Government by selling the defense department substandard neoprene tubing. Defendants were operating as government contractors. As a result of the civil Complaint filed subsequent to investigation by the Department of Justice, the Department of Defense through its components suspended movants from obtaining any additional government contracts pending resolution of the civil case. On January 23, 1991, the three above-named Defendants filed Motions for Temporary Restraining Order and Preliminary Injunction under the present cause number A–91–CA–061, asking the Court to enjoin the U.S. Government from placing their names on the suspended contractors list, and seek a declaratory judgment that the administrative decision suspending them was illegal. Movants argue that the administrative decision to suspend them was not based on "ade-

quate evidence" as required by federal regulation. By written order entered January 25, 1991, this Court denied Plaintiffs' Motion for Temporary Restraining Order finding Plaintiffs have an adequate remedy at law, and failed in their burden to show a substantial likelihood of success on the merits.

## II. MOTION TO DISMISS

In its response to the Motion for Preliminary Injunction, the Government moves the Court to dismiss all proceedings under cause number A–91–CA–61 for lack of personal jurisdiction resulting from improper service; and, alternatively, for lack of subject matter jurisdiction alleging Plaintiffs have failed to exhaust administrative remedies. It has not been made evident to the Court why Plaintiffs sought injunctive relief by instituting an action separate from the cause under which the Government filed its civil Complaint. Regardless of any tactical benefits Plaintiffs believed they may have derived from initiating proceedings under the present cause number, the Court finds injunctive relief should have been sought under cause number A–90–CA–759, accordingly, all proceedings in the above-numbered case shall be consolidated under the earlier cause number. As this Court's jurisdiction over cause number A–90–CA–759 has not been challenged, the Court finds the Government's instant Motion to Dismiss should be denied as moot.

## III. MOTION FOR PRELIMINARY INJUNCTION

Four criteria must be satisfied for Plaintiffs to be entitled to preliminary injunction: (1) irreparable harm to the movant if relief is not granted; (2) relative lack of harm to the respondent if relief is granted; (3) granting of relief will not disserve the public interest; and (4) a substantial likelihood that the movant will prevail on the merits. *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir.1985); *Camenisch v. University of Texas*, 616 F.2d 127, 129 (5th Cir.1980). The Court is of the opinion that Plaintiffs have not established these criteria.

Plaintiffs argue that the administrative decision to suspend them from being eligible for future government contracts, said determination based primarily on a civil Complaint filed by the Government, was made in violation of law. As proffered by the affidavit of Harish Malkani, Plaintiffs further contend that, with their primary business revenues being derived from government contracts, placement of their names on the list of suspended contractors is resulting in irreparable injury. In an attempt to obscure the procedural posture of their requested relief, Plaintiffs would have the Court view the present motion as asking the narrow question of whether the filing of an unverified civil complaint *per se* constitutes "adequate evidence" justifying an administrative finding that Plaintiffs should be suspended from obtaining government contracts pending resolution of the merits of said complaint. The Court finds this purely legal question is not ripe for adjudication at the present time, for Plaintiffs have failed to pursue appropriate administrative appeals that could serve to supplement and finalize defense agency records thereby enabling the Court to more fully evaluate the basis for the decision to suspend these Plaintiffs. Viewed in this light, movants' threatened irreparable injury stands to be incurred by their own inaction at administrative levels and is not solely contingent on whether injunctive relief issues from this Court.

In the alternative, should this Court deem the administrative record compiled to date as complete and final, several additional findings should be made. As alleged in the Government's Complaint, Plaintiffs Malkani, RSI, Inc., Bobby Perkins, and others intentionally defrauded the United States of America by supplying neoprene tubing that did not conform to the terms of various defense contracts. There are two descriptive identifying terms for the tubing in question: "NT" and "NTFR". NT connotes the standard grade of neoprene tubing, while NTFR is used to identify tubing that tests to a higher level of fluid resistance than the standard NT grade. All contracts in question in the present case

called for the more expensive NTFR tubing. In its Complaint, the government alleges that Plaintiffs merely relabeled NT as NTFR rather than genuinely supplying the higher grade tubing. The NTFR to be furnished under the contracts in the present case was intended for use in high-tech weapons systems as an insulation tube through which numerous strands of electrical wire would run.

Based on the allegations of repeated intentional fraud by Plaintiffs, an appropriate suspending official for the Defense Logistics Agency (DLA) was contacted by the government. Among other things, the DLA is charged with maintaining contract integrity to assure the government's interests in dealing only with responsible contractors. *See* Affidavit of Donald J. Suda. Suspension or disbarment resulting from the presentation of information to a DLA official is not automatic; rather, the information upon which the recommendation is based is reviewed by various officials and staff counsel according to standard procedures before preliminary action resulting in suspension or disbarment is taken. *See id.* Plaintiffs dispute this procedure as applied in the present case, arguing that the unverified civil complaint does not constitute the "adequate evidence" upon which the agency decision must be based as provided by federal regulation. *See* 48 CFR Sec. 9.407–1(b). Adequate evidence is defined as "[i]nformation sufficient to support the reasonable belief that a particular act or omission has occurred." *See* 48 CFR Sec. 9.403. As stated *supra*, the Court finds it need not determine whether a civil complaint can *per se* constitute adequate evidence to suspend or disbar in order to make its ruling on the instant motion. Based on a review of the administrative record compiled to date, the Court finds the agency acted in accordance with applicable statutes and regulations and had a rational basis for its decision to the present. *See Delta Data Systems Corp. v. Webster,* 744 F.2d 197, 204 (D.C.Cir.1984) (abuse of discretion standard applies to review of agency decision). In the absence of any evidence offered by the Plaintiffs controverting any allegations in the Complaint, preliminary action was taken by the DLA to suspend Malkani, RSI and company from entering into any future government contracts. Having been properly noticed with the agency's determination, Plaintiffs could have immediately availed themselves of an opportunity to contest any facts the DLA relied upon which could have resulted in the appointment of an independent trier of facts to resolve any disputes and generate a more comprehensive record supporting the agency's decision. To date, Plaintiffs have failed to take any action apart from requesting injunctive relief in this Court several weeks after notice of suspension was issued. Arguing only a federal district court can enter the declaratory judgment needed to remedy the injustice incurred upon them, Plaintiffs have simply failed to prove that their requested relief can not be obtained at the administrative level, nor offered any compelling reason why they failed to make *any* attempt at redressing their suspension with a DLA official. This Court is not in the practice of affording equitable relief where the moving parties have made no effort to avail themselves of adequate remedies at law, particularly where said parties' failure to act contributes significantly to their perceived irreparable injury.

While Plaintiffs have failed to show that they are entitled to injunctive relief, the Court finds the government has made strong argument against issuance regardless of Plaintiffs' procedural deficiencies. In balancing Plaintiffs' financial worries against the interest of the public in maintaining the integrity of its government defense contracts, the Court finds the harm to the defendants and disservice to the public outweighs any harm perceived by the Plaintiffs should injunction not issue. Military defense contracts, particularly during time of war, must be awarded quickly and without reservation as to the integrity of individuals or entities that will provide goods and services pursuant to those contracts. Maintaining the integrity of administrative regulations validly employed to safeguard these public interests is essential. Where parties, as in the

present case, seek to circumvent these procedures by imploring for injunctive relief in a distant federal court, affording such relief would not serve the public interest.

As to any specific harm to be incurred upon the defendants should injunction issue, at the hearing Plaintiffs sought to defend any mislabeling of tubing by arguing that the composition and performance of NT and NTFR are identical resulting in no harm to the integrity of certain weapons systems arising from any alleged nonconformity. Since Plaintiffs no longer market NTFR anyway, the argument continues, the public would not be harmed should Plaintiffs be awarded future contracts. This argument somehow subscribes to a theory that intent to defraud is product loyal, and also ignores the fact that a higher price was charged for NTFR regardless of its attributes. Unpersuaded by Plaintiffs' argument, the Court finds Defendants risk significant injury should injunction issue and Plaintiffs' names be removed from the suspension list given the state of the record to date.

ACCORDINGLY, IT IS ORDERED that Plaintiffs' Motion for Preliminary Injunction is in all things DENIED.

IT IS FURTHER ORDERED that the Government's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that cause number A–90–CA–759 styled *United States of America v. RSI, Inc., Harish Malkani, Bobby Perkins, James McLaury, and Sam Robbins* and cause number A–91–CA–61 styled *RSI, Inc., et al. v. United States of America, et al.* are hereby CONSOLIDATED under cause number A–90–CA–759 styled *United States of America v. RSI, Inc., Harish Malkani, Bobby Perkins, James McLaury, and Sam Robbins.*